358 P.2d 901

**ASHWORTH TRANSFER, INC., Plaintiff,**

v.

**CARBON MOTORWAY, INC., and The Public Service Commission of Utah, Hal S. Bennett, Donald Hacking and Jesse R. S. Budge, its Commissioners, Defendants.**

No. 9320.

Supreme Court of Utah.

Jan. 25, 1961.

---

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., Raymond W. Gee, Deputy Atty. Gen., for Public Service Commission.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for Carbon Motorway, Inc.

CROCKETT, Justice.

This action was brought to review an order of the Public Service Commission that prilled ammonium nitrate as produced by United States Steel Company at its Geneva, Utah, plant is not an explosive and that plaintiff did not have authority to transport it.

Plaintiff had been transporting the ammonium nitrate from Geneva to Bingham Canyon, Utah, since March, 1959, for 12 cents a hundred pounds. In February, 1960, it made application to the Public Service Commission to increase the rate to 18 cents per hundred pounds. Carbon Motorway, Inc., a regular route carrier, which had had this haul prior to March, 1959, objected to the application and raised the issue that plaintiff was without authority to transport the commodity at all.

Ammonium nitrate in its prilled form consists of small pellets about the size of rice grains. It is coated with an organic substance, Fuller's Earth, to prevent caking, and is placed in 50-pound bags for shipment. At Bingham Canyon the Kennecott Copper Company mixes it with diesel or fuel oil, adds a booster, such as TNT, and uses this mixture plus a detonator in blasting at its open-pit mine.

The language of its Certificate of Convenience and Necessity which Ashworth claims authorizes it to haul this material provides that it may transport "commodities which, by reason of their size, shape, weight, origin, or destination require equipment or service of a character not regular-

ly furnished by common carrier at the regular line rates, which commodities shall be *such as,* but not limited to the following: Gasoline tanks, boilers, pipes and tubing to be used in connection therewith; cable bridges, or structural iron or steel; CCC camp equipment, supplies and building material, concrete mixers, culverts, *explosives,* grading and road equipment. * * *" (Emphasis added.)

Ashworth argues that prilled ammonium nitrate is an "explosive" or at least a "commodity such as an explosive" and thus within the above authority, and attacks as arbitrary and capricious the refusal of the Public Service Commission to so find.

The Public Service Commission is endowed with the prerogative of determining the facts,[1a] and the well-settled rule is that this court will not disturb its findings when they are supported by competent credible evidence.[2]

In the hearing before the Commission, Carbon Motorway, Inc. presented evidence through Mr. R. F. Hardy, an expert witness, (the only such witness at the hearing) to the effect that prilled ammonium nitrate as shipped from Geneva was not an explosive; that it would not explode unless mixed with something else, and that it is widely produced and used in the same form as a fertilizer. He referred to various tests which have been conducted showing that it must be combined with other substances to form an explosive. This evidence is clearly sufficient to justify the Commission in refusing to find it to be an "explosive" or a "commodity such as an explosive" which requires "special equipment or service" within the terms of the certificate hereinabove quoted.[3]

Order affirmed. Costs to defendants.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

1a. 54–7–16, U.C.A.1953.
2. Rudy v. Public Service Comm., 1 Utah 2d 223, 265 P.2d 400.

3. For a discussion of such certificates see W. S. Hatch Co. v. Public Service Comm., 3 Utah 2d 7, 277 P.2d 809.